**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE DE JESUS GUTIERREZ-GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71822<br><br>Agency No. A088-751-106<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jose de Jesus Gutierrez-Gutierrez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT") and cancellation of removal, and denying his motion to continue. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087 (9th Cir. 2013) (en banc). We review for abuse of discretion the denial of a motion to continue. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Gutierrez-Gutierrez's unexhausted contentions regarding the IJ's statements related to his unlawful entry. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We otherwise lack jurisdiction to consider the agency's denial of cancellation of removal based on its discretionary hardship determination. *See De Mercado v. Mukasey*, 566 F.3d 810, 815-16 (9th Cir. 2009). We reject Gutierrez-Gutierrez's contention that the agency applied an incorrect standard in its analysis of cancellation of removal.

The agency did not abuse its discretion by denying Gutierrez-Gutierrez's motion for a continuance, where he failed to demonstrate good cause. *See Sandoval-Luna*, 526 F.3d at 1246.

Gutierrez-Gutierrez does not contest the BIA's determination that he failed to challenge the IJ's finding that his asylum application was time-barred. Thus, we deny the petition for review as to Gutierrez-Gutierrez's asylum claim.

Substantial evidence supports the agency's denial of CAT relief because Gutierrez-Gutierrez failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying Gutierrez-Gutierrez's withholding of removal claim, however, the agency found that he failed to establish a likelihood of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Gutierrez-Gutierrez's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part;**

**GRANTED in part; REMANDED.**